Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4447 | **DATE** | 7/22/2003 |
| **CASE TITLE** | Chicago Prime Packers vs. Northam Foods | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reason set out in the attached memorandum opinion and order, the plaintiff's motion to bar expert testimony of John Maltby [84-1] is denied and the defendant's motion in limine [85-1] is denied as moot without prejudice. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see memorandum opinion and order attached to the original minute order.]

| ✔ | No notices required Memorandum Opinion and Order handed out in Court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 22 2003 date docketed | |
| | Notified counsel by telephone. | | | 40 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL 22 PM 2:27 | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



CHICAGO PRIME PACKERS, INC.,
    Plaintiff,

v.

NORTHAM FOOD TRADING CO.,
    Defendant.

Cause No. 01 C 4447

Magistrate Judge Geraldine Soat Brown

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion to Bar Expert Testimony of John Maltby [dkt # 84] and Defendant Northam Food Trading's Motion in Limine [dk # 85]. For the reasons set out below, Plaintiff's motion is denied. Defendant's motion is also denied, but without prejudice and with a caveat.

As an initial matter, "[m]otions in limine are disfavored." *Mi-Jack Products v. International Union of Operating Engineers, Local 150*, No. 94 C 6676, 1995 WL 680214 at *1 (N.D. Ill. Nov. 14, 1995)(Conlon, J.) Generally, "[e]vidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Id*. Rather, rulings on evidence "ordinarily should be deferred until trial" when they may be resolved in the proper context. *Id*. The movant bears the burden of showing that the evidence that it seeks to preclude is "clearly inadmissible." *Plair v. E.J. Branch & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). Denial of a motion in limine is *not* a ruling that the material that is the subject of the motion is necessarily admissible. Denial of a motion in limine means only that "outside the context of trial, the court cannot determine whether the evidence in question is admissible." *Id*. at 69. Thus, "[a] ruling on a motion in limine is not a final



ruling on the admissibility of the evidence which is the subject of the motion." *Moore v. General Motors Corp., Delco Remy Division*, 684 F. Supp. 220 (S.D. Ill. 1988). Indeed, "[a]n order on a motion in limine has been characterized as an 'advisory opinion subject to change as events at trial unfold.'" *Id.* (*quoting Sales v. State Farm Fire & Casualty Co.*, 632 F. Supp. 435, 436 (N.D. Ga. 1986)).

## I. Plaintiff's Motion to Bar Expert Testimony of John Maltby

Plaintiff has moved to bar any expert testimony and reports by John Maltby. Dr. Maltby is not a retained expert. He is the United States Department of Agriculture ("USDA") inspector who, in May, 2001, ordered the destruction of the pork ribs that are at issue in this case. Dr. Maltby did not prepare a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). Rather, he wrote a memorandum "to whom it may concern" on May 23, 2001, the day he inspected the ribs, discussing his examination of the ribs, information he had learned from other individuals including USDA Inspector Ken Ward and Compliance Officer Chris Chlarson, and questions that remained to be answered. That memorandum, referred to by the parties as Dr. Maltby's report, is written on USDA letterhead. Plaintiff argues that Dr. Maltby has not been properly disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B) and is thus precluded from testifying as an expert.

Rule 26(a)(2)(A) requires that " . . . a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26(a)(2)(B) includes more detailed disclosure requirements for "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Plaintiff does not offer any

2

support for its argument that Dr. Maltby falls within the scope of Rule 26(a)(2)(B).

Defendant's disclosure relating to Dr. Maltby complies in format with Rule 26(a)(2)(A). Defendant stated in an interrogatory response:

> It is anticipated that Dr. John Maltby of the USDA will testify as an opinion witness at any trial of this matter. Defendant furthermore states that the qualifications of Dr. Maltby and the subject matter and conclusions to which Dr. Maltby will testify are fully contained in his discovery deposition transcript and his written report of May 23, 2001.

(Def.'s Interrogatory Res. ¶ 10, cited in Pl.'s Mot. at 2.)

Plaintiff cites the *Mi-Jack* case for the proposition that failure to comply with Rule 26(a)(2) precludes the use of the non-disclosed expert. (Pl.'s Mot. at 3.) It is apparent from the context, however, that the decision in the *Mi-Jack* case involved motions to bar the testimony of *retained* witnesses for failure to comply with Rule 26(a)(2)(B)'s detailed disclosure requirements. Thus, the *Mi-Jack* case does not apply to the present case.

Rule 26(a)(4) provides that "[u]nless the court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served." Rule 26(a)(2)(C) states that expert disclosures are to be made as directed by the court. Plaintiff asserts that, while unsigned responses were provided earlier, Defendant's signed interrogatory responses were not received until October 30, 2002, fifteen days after expert disclosures were required by the parties' Joint Discovery Plan. (Pl.'s Mot. at 2, n. 1.) The Joint Discovery Plan was adopted by the court. [Dkt # 39]. Thus, Plaintiff implicitly argues, Dr. Maltby was not properly disclosed even under Rule 26(a)(2)(A).

Failure to comply with the expert disclosure provisions of Rule 26 is addressed by Rule 37. Rule 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by

3

>   Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

The Seventh Circuit has stated:

> The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. . . . We have indicated that the following factors should guide the district court's discretion [in determining whether a Rule 26(a) violation is justified or harmless]: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*David v. Caterpiller, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)(citations and internal quotations omitted).

Regardless of whether Defendant's failure to serve a signed and sworn interrogatory answer within the required period of time was justified, it is clear that Plaintiff suffered no prejudice as a result. Dr. Maltby's existence and the nature of his findings were well known to Plaintiff prior to Defendant's formal disclosure of its intention to call him as a witness. Indeed, by that time Plaintiff had deposed him and had access to his report. *See* Pl.'s Mot. at 3. The unsigned interrogatory answers provided explicit written notice that Defendant was contemplating calling him as an opinion witness. The formal, signed interrogatory answers followed shortly after the deadline had passed. Plaintiffs have not identified any specific prejudice that resulted from the short delay. Thus, Plaintiff's motion to exclude opinion testimony by Dr. Maltby is denied.

Working on the erroneous assumption that Dr. Maltby will not be able to testify as an opinion witness, Plaintiff then argues that Dr. Maltby's report is not a public report under Fed. R. Evid. 803(8), and seeks to have it stricken as based on inadmissible hearsay evidence, specifically,

4

information provided by Inspector Ward to Dr. Maltby. (Pl.'s Mot. at 4-5).[1] That part of Plaintiff's motion is likewise denied.

Dr. Maltby's report is admissible under Fed. R. Evid. 803(8), which creates an exception to the hearsay rule for "reports . . . of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." That exception to the rule against hearsay is "grounded on the premise of trustworthiness [,] the notion that reports prepared by those with a duty to do so were inherently trustworthy." *Wentherill v. University of Chicago*, 518 F. Supp. 1387, 1389 (N.D. Ill. 1981).

The fact that the report is based in part on information Dr. Maltby received from Inspector Ward does not require its exclusion. Although "the person who prepared the report is typically required to have personal knowledge of the activities or facts . . . government officials may rely on colleagues or subordinates who have the requisite knowledge." Jack B. Weinstein and Margaret A. Berger, 5 *Weinstein's Federal Evidence* § 803.10[3][a] at 803-91 (2003). "Nothing in either the text or the history of Rule 803(8) supports an approach that would make the rule essentially useless--for the bureaucrat who fills out a governmental form usually incorporates information furnished by

---

[1] Under Fed. R. Evid. 703, an expert may base his or her opinion on inadmissable evidence if such evidence is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." *See Daubert v. Merrelll Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993)("an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.") That includes hearsay. *Grant v. Chemrex*, No. 93 C 0350, 1997 WL 223071 at *7 (N.D. Ill. April 28, 1997)(Marovich, J.).

others." *In the Matter of Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1308 (7th Cir. 1992). Plaintiff does not dispute the reliability of Dr. Maltby's report beyond asserting that it is based in part on hearsay. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167, n.11 (1988)(discussing nonexclusive four factor test for determining the trustworthiness of report admitted pursuant to Fed. R. Evid. 803(8)).

Plaintiff's Motion is therefore denied.[2]

## II. Defendant's Motion

Defendant seeks an order "barring Plaintiff from offering opinion testimony from any person, employee of Chicago Prime Packers, Inc., or Nationwide Foods that was not properly disclosed pursuant to Rule 26(a)(2)(b). . . ." (Def.'s Mot. at 1.) Defendant states that Plaintiff has not identified any individuals who will offer opinion testimony at trial. (*Id.*) Defendant further states that although Plaintiff was granted permission to adopt the opinion witnesses of now-dismissed co-defendant Nationwide Foods, Nationwide likewise had not disclosed any opinion witnesses. (*Id.* at 2.)

Defendant's motion is denied without prejudice as moot because Plaintiff has disclaimed any intention of offering an opinion witness, and admits that it never disclosed any opinion witness. (Pl.'s Resp. Def.'s Mot. in Limine at 1-2.) However, Plaintiff's Response also states that "Plaintiff

---

[2] An issue not briefed by the parties is whether the information that was communicated by Inspector Ward to Dr. Maltby and used by Dr. Maltby as the basis of his findings can be admitted for the truth of Inspector Ward's statements. *Compare In re Oil Spill by the Amoco Cadiz*, 954 F.2d at 1308 ("Rule 803(8) is a multi-level exception, in the footsteps of its common law precursors") *with In re James Wilson Associates*, 965 F.2d 160,172-73 (7th Cir. 1992)(expert may explain facts underlying opinion even if facts are inadmissible, but the facts may not be admissible for other purposes).

6

will seek testimony from witnesses that may be considered opinion testimony under Rule 701 of the Federal Rules of Evidence," particularly about industry practice and the spoliation of frozen foods. (*Id.* at 2-3.) Plaintiff quotes a version of Rule 701 that was superceded by the 2000 amendments to that Rule. (*Id.* at 2.) Significantly, Rule 701 was amended to add an additional subsection (c), requiring that lay opinion evidence "not [be] based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).

As the Committee Comments to the 2000 amendments demonstrate, that subsection was added specifically to "ensures that a party will not evade the expert witness disclosure requriements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." Committee Comments, 2000 Amendments to Rule 701. *See also Nichols v. Johnson*, No. 00 C 7785, 2002 WL 826482 at *4 (N.D. Ill. May 1, 2002)(Schenkier, M.J.)(excluding testimony of police officer that would be based on his training and experience where officer was not disclosed as expert witness).

Plaintiff is therefore cautioned that, although Defendant's motion is, strictly speaking, moot at this time, the court will entertain an objection at the time of trial to any evidence or testimony that would present opinion testimony that is dependant on scientific, technical, or other specialized knowledge without appropriate prior disclosure under Rule 26(a)(2).

Defendant's motion is denied as moot without prejudice.

**IT IS SO ORDERED.**

/GERALDINE SOAT BROWN
**United States Magistrate Judge**

**DATED: July 22, 2003**

7